# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

ADEBOWALE ADENEKAN, on behalf of himself and )
others similarly situated, )
                                               )
                Plaintiffs,                    )   **1 : 12 -cv- 1 5 6 4 TWP -TAB**
                                               )
v.                                             )   CLASS ACTION COMPLAINT
                                               )
COLLECTO, INC. d/b/a EOS CCA, a Massachusetts  )   DEMAND FOR JURY TRIAL
corporation                                    )
                                               )
                Defendant.                     )

## I.    INTRODUCTION

1.    This action is filed by Plaintiff, Adebowale Adenekan (hereinafter "Mr.

Adenekan") individually and on behalf of all others similarly situated, to remedy Defendant

Collecto, Inc. d/b/a EOC CCA and its present, former, or future direct and indirect parent

companies, subsidiaries, affiliates, agents, and/or related entities' (hereinafter "Collecto")

violations of the Telephone Consumer Protection Act 47 U.S.C. § 227(b)(1)(A)(iii) *et seq.*

("TCPA"). In violation of the TCPA, Collecto negligently, knowingly, and/or willfully contacted

Mr. Adenekan on his cellular telephone without his prior express consent.

## II.   JURISDICTION AND VENUE

2.    This Court has federal question subject matter jurisdiction over this action

pursuant to 28 U.S.C. § 1331 because it arises under the laws of the United States, specifically

47 U.S.C. § 227.

-1-

3.     Venue is proper because a substantial portion of the events complained of occurred in this District.

## III.   PARTIES

4.     Plaintiff is an individual who resides in Marion County, Indiana.

5.     Collecto is a Massachusetts corporation with its primary corporate address and headquarters in Norwell, Massachusetts.  Collecto is one of the largest debt collection agencies in the United States and has regional offices in several cities, including Chicago.  On information and belief, it is a wholly owned subsidiary of the EOS Group, a German company.

## IV.   THE TELEPHONE CONSUMER PROTECTION ACT

6.     In 1991, Congress enacted the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), in response to a growing number of consumer complaints regarding certain telemarketing practices.

7.     The TCPA regulates, among other things, the use of automated telephone equipments, or "autodialers."  Specifically, the plain language of Section 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.

8.     According to findings by the Federal Communications Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.  The FCC also recognized that many wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

9.      On January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed

that autodialed and prerecorded message calls to a wireless number by a creditor (or on behalf

of a creditor) are permitted only if the calls are made with the "prior express consent" of the

called party.  The FCC "emphasize[d] that prior express consent is deemed to be granted only if

the wireless number was provided by the consumer to the creditor, and that such number was

provided during the transaction that resulted in the debt owed."

## V.      FACTUAL ALLEGATIONS

10.     Mr. Adenekan took out a federal student loan in 1984.  The student loan was

owed to the Department of Education.

11.     In 2010 and 2011, Collecto placed several calls to Mr. Adenekan's cellular

telephone attempting to collect his student loan debt.

12.     Collecto is, and at all times mentioned herein has been, a corporation and a

"person," as defined by 47 U.S.C. § 153(10).

13.     All telephone contact by Collecto to Mr. Adenekan giving rise to the claims

herein occurred via an "automatic telephone dialing system," as defined by 47 U.S.C.

§ 227(a)(1) and all calls that are the subject of this Complaint occurred within four years of the

filing of this Complaint.

14.     Each telephone number that Collecto used to contact Mr. Adenekan was

assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

15.     The complained of telephone calls constituted calls not for emergency purposes

as defined by 47 U.S.C. § 227(b)(1)(A)(i).

-3-

16.     The complained of telephone calls were made without Mr. Adenekan's prior

express consent. Indeed, at the time Mr. Adenekan took out the loan, he did not have the

cellular telephone number at which Collecto called him.

## VI. CLASS ACTION ALLEGATIONS

17.     Class Definition: Pursuant to Fed. R. Civ. P. 23, Mr. Adenekan brings this action

individually and on behalf of all other persons similarly situated (hereinafter referred to as "the

Class"). Mr. Adenekan proposes the following Class definition, subject to amendment as

appropriate:

> All persons within the United States whom Collecto, Inc. or some person on
> Collecto Inc.'s behalf called in an attempt to collect a debt, on their cellular
> phone, using equipment that has the capacity to dial numbers without human
> intervention and/or using an artificial or pre-recorded voice, where such calls
> were placed without the express consent of the called party and where any such
> call happened on or after a date four years prior to the filing of this action.

Excluded from the Class are Collecto and any entities in which it has a controlling

interest, Collecto's agents and employees, the Judge to whom this action is assigned and

any member of the Judge's staff and immediately family, and claims for personal injury,

wrongful death and/or emotional distress.

18.     Numerosity (Fed. R. Civ. P. 23(a)(1)): Mr. Adenekan does not know the exact

number of members in the Class, but based upon the representations of Collecto as to its

market share, he reasonably believes that Class members number at a minimum in the tens of

thousands.

19.     Commonality (Fed. R. Civ. P. 23(a)(2)): Common questions of law and fact exist as

to all members of the class and predominate over any questions solely affecting any individual

-4-

member of the class, including Mr. Adenekan. Such questions common to the Class include, but are not limited to:

    a.    Whether Collecto made non-emergency calls to Mr. Adenekan and Class members' cellular telephones using an automatic telephone dialing system as that term is defined in the TCPA and applicable FCC regulations and orders or using an artificial or prerecorded voice;

    b.    Whether Collecto can meet its burden of showing that it obtained prior express consent during the transaction that resulted in the debt owed, to make such calls;

    c.    Whether Collecto's conduct was knowing and/or willful;

    d.    Whether Collecto is liable for damages, and the amount of such damages; and

    e.    Whether Collecto should be enjoined from engaging in such conduct in the future.

20.    Typicality (Fed. R. Civ. P. 23(a)(3)): As a person who received numerous and repeated telephone calls using an automatic telephone dialing system or an artificial or prerecorded voice, without his prior express consent within the meaning of the TCPA, Mr. Adenekan asserts claims that are typical to each Class member. Mr. Adenekan's claims, like the claims of the Class, arise out of the same common course of conduct by Collecto and are based on the same legal theories.

21.    Adequacy (Fed. R. Civ. P. 23(a)(4)): Mr. Adenekan will fairly and adequately protect the interests of the Class. Mr. Adenekan has no interests that might conflict with the interests of the class. Mr. Adenekan is interested in pursuing his claims vigorously, and has

-5-

retained counsel competent and experienced in class actions and complex litigation, including cases involving violations of the TCPA.

22.    Predominance (Fed. R. Civ. P. 23(b)(3)): Collecto has engaged in a common course of conduct toward Mr. Adenekan and members of the Class by subjecting them to unlawful telephone calls in violation of the TCPA.  The common issues arising from this conduct that affect Mr. Adenekan and members of the Class predominate over any individual issues.

23.    Superiority (Fed. R. Civ. P. 23(b)(3)): Mr. Adenekan and all Class members have been harmed by the acts of Collecto.  The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim.  The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.  Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein.  Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail.  Classwide relief is essential to compel Collecto to comply with the TCPA.  No difficulties are likely to be encountered in the management of this Class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.  The Class can be readily identified from Collecto's records.

24.    In the alternative, class certification is proper under Fed. R. Civ. P. 23(b)(2) because Collecto has acted on grounds generally applicable to the class, thereby making final

injunctive and corresponding declaratory relief appropriate with respect to the Class as a whole.

## VII. CAUSE OF ACTION – VIOLATION OF THE TCPA

25. Mr. Adenekan incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

26. The foregoing acts and omissions of Collecto constitute numerous and multiple negligent and/or knowing or willful violations of the TCPA.

27. As a result of Collecto's violations of the TCPA, Mr. Adenekan and Class members are entitled to an award of $500.00 in statutory damages for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B). For each knowing and/or willful violation of the TCPA, Mr. Adenekan and the Class are entitled to treble damages of up to $1,500.00 for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3).

28. Mr. Adenekan and Class members are also entitled to and do seek injunctive relief prohibiting Collecto's violation of the TCPA in the future.

## PRAYER FOR RELIEF

WHEREFORE, Mr. Adenekan respectfully requests that the Court grant him and all Class members the following relief against Collecto:

a. Statutory damages pursuant to the TCPA, as set forth above;

b. A permanent injunction prohibiting Collecto from violating the TCPA in the future,

c. An award of costs of suit and attorney's fees to counsel for Mr. Adenekan and the Class as permitted by law;

d.      An order certifying this action to be a proper class action pursuant to

Fed. R. Civ. P. 23, establishing an appropriate Class, finding that Mr. Adenekan is a proper

representative of the Class and appointing the lawyers and law firms representing Mr.

Adenekan as counsel for the Class, and

c.      Any other relief the Court finds just and proper.

Dated: October 24, 2012

Respectfully submitted,

/s/ Syed Ali Saeed

Syed Ali Saeed (#28759-49)
Saeed & Little, LLP
1433 N. Meridian St., Suite 202
Indianapolis, Indiana 46202
Telephone: (317) 614-5741
Facsimile: 1-888-422-3151
Email: ali@sllawfirm.com

Beth E. Terrell (pro hac vice application forthcoming)
Kimberlee L. Gunning (pro hac vice application forthcoming)
Terrell Marshall Daudt & Willie PLLC
936 North 34th Street, Suite 400
Seattle, Washington 98103
Telephone: (206) 816-6603
Facsimile: (206) 350-3528
Email: bterrell@tmdwlaw.com
Email: kgunning@tmdwlaw.com