**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

ADEBOWALE ADENEKAN,    )
                       )
Plaintiff,             )
                       )
v.                     )   Case No. 1:12-CV-01564-TWP-TAB
                       )
COLLECTO, INC.,        )
                       )
Defendant.             )

## DEFENDANT'S MOTION FOR SANCTIONS UNDER RULE 11 AND 28 U.S.C. § 1927

Defendant Collecto, Inc. ("Collecto"), by its undersigned attorneys, moves under Rule 11 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1927 for sanctions against Plaintiff Adebowale Adenekan ("Adenekan") and his attorneys. In support of this motion, Collecto states as follows:

1.      Adenekan alleges that Collecto violated the Telephone Consumer Protection Act ("TCPA") by making calls to his cellular telephone using an automatic dialing system without his prior express consent.

2.      The TPCA, at 47 U.S.C. §227(a)(1) defines an automatic dialing system:

The term "automatic dialing system" means equipment which has the capacity—

    (A)      to store or produce telephone numbers to be called, using a random or sequential number generator; and

    (B)      to dial such numbers.

3.      The TCPA, at 47 U.S.C. §227(b)(1), provides in relevant part:

It shall be unlawful for any person within the United States ... to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice ... (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call[.]

4.     Upon receipt of the complaint Collecto's counsel asked Adenekan's lawyers for the telephone number which Collecto allegedly called. They provided to Collecto's counsel the number (317) 457-2693.

5.     Upon receipt of that telephone number Collecto performed a thorough review of its records to ascertain the calls it had made, and shared the results with Adenekan's lawyers (*see* November 7, 2012, letter attached hereto as Exhibit A). Collecto's records show one inbound call from (317) 457-2693 on February 29, 2012, and one outbound call to that number on March 5, 2012.   Collecto made the outbound call manually, not by an automatic dialing system. Specifically, the Collecto person picked up the handpiece and literally dialed by pushing all of the buttons for the required numbers on the telephone - (317) 457-2693.  No dialer or equipment with the "capacity" set forth in 47 U.S.C. §227(a)(1), quoted above, was involved.

6.     The department at Collecto from which this one manual outbound call was made uses only manual telephone equipment.  Specifically, this department uses Avaya manual desktop phones.  This department cannot use, and does not have the technology to use, dialers of any nature or any related technology.   There is no synchronization of these manual phones with predictive dialers or any autodialers whatsoever or with databases.  Nor is this department able to leave any artificial voice or prerecorded messages.

7.     In reviewing its records, Collecto checked Adenekan's Social Security number and the telephone number (317) 457-2693 against its records to ensure these numbers were associated with only one account in Adenekan's name.

8.     Collecto is working with the United States Department of Education to obtain payment of monies owed to our federal government.  Adenekan took out the loans over 20 years ago in the amount of  approximately $10,482.  Upon information and belief, these loans were for

130470864  0940589

higher education purposes.  Approximately $15,000 in interest has accrued on the unpaid balance of the loan.

9.     The November 7, 2012, letter from Collecto's counsel informed Adenekan's counsel of the above facts, and stated that the complaint's factual contentions have no evidentiary support whatsoever, and the claims are not warranted by existing law.  In addition, Adenekan's attorneys, now armed with these facts, were engaging in multiplying the proceedings unreasonably and vexatiously under 28 U.S.C. § 1927. The letter asked Adenekan's counsel to withdraw the complaint by November 12, 2012.

10.    Adenekan's attorneys refused.  Instead they sent a November 15, 2012, letter in response, a copy of which is attached hereto as Exhibit B.  Among other matters, the letter asserts that Collecto's number showed up as "blocked" and that there was the "telltale pause."  (at p. 2) But Anenekan sets forth no facts connecting Collecto to those calls, or showing that it was Collecto who made those calls – which it did not.  The letter factually explains nothing.

11.    Collector's counsel specifically explains how a human being manually dialed Anenekan's number (Ex. A at p. 1).  Anenekan's lawyers respond by stating that the number of calls and characterizations of the telephone system are questions of fact, and that they need to conduct discovery (Ex. B at p. 2).   However, Anenekan and his counsel have already filed a federal lawsuit.  A plaintiff must satisfy Rule 11 and plead sufficient factual matter, accepted as true, to state a claim that is plausible on its face.  The federal courts are not bound to accept as true mere legal conclusions. *Bell Atlantic Corp. v. Trombley*, 550 U.S. 544, 555; 564 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)  Such conclusory pleading does not unlock the doors of discovery. *Id.* at 678-79.

12.    Here, Collecto is trying to address the factual deficiencies in Anenekan's complaint upfront and spare the parties and the Court time, energy and resources.  Anenekan

3

does not seem interested except to seek discovery on a bad complaint based upon misinformation..

13.     Collecto respectfully submits Anenekan's complaint be voluntarily dismissed within the next twenty-one days.  If he does not do so, this Honorable Court should enter sanctions under Rule 11 and 28 U.S.C. §1927.  Collecto's counsel does not take pleasure in seeking sanctions.  However, when a complaint, with all due respect to Anenekan's counsel, is frivolous, we try to inform opposing counsel of the deficiencies, and, if necessary, file a Rule 11 motion.  *See United States v. ITT Educ. Servs., Inc.*, 2012 WL 1028794, at *12 (S.D.Ind. March 26, 2012)(this Court imposing sanctions on a frivolous complaint).

14.     Rule 11 of the Federal Rules of Civil Procedure provides:

**(b) Representations to the Court.** By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

(1)     It is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2)     the claims, defenses, and other legal contentions are warranted by existing law or by a non frivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3)     the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4)     the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

15.     28 U.S.C. §1927 provides:

**§1927. Counsel's liability for excessive costs.**

Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

130470864 0940589

16.     Here, the letter from Adenekan's counsel (Ex. B) confirms that the complaint's factual assertions have no evidentiary support whatsoever and certainly not warranted by existing law.  Adenekan may have a good faith basis to file a suit, but not against Collecto (Ex. B. at p. 4).  Moreover, now that the issues have been raised and facts put forward, Adenekan and lawyers are now engaging in multiplying the proceedings unreasonably and vexatiously under 28 U.S.C. §1927.

**WHEREFORE,** Defendant Collecto, Inc. prays that in the next twenty-one days this court award Collecto its attorneys fees and costs because of Plaintiff Adenekan's groundless complaint under Federal Rule of Civil Procedure and 28 U.S.C. §1927, unless Adenekan voluntarily dismisses the complaint.

Respectfully submitted,

Hinshaw & Culbertson LLP
 /s/    Clifford E. Yuknis
Clifford E. Yuknis
222 N. LaSalle, Suite 300
        Chicago, IL 60601
Phone No.:  312-704-3000
Fax No.:  312-704-3001
E-mail Address:  cyuknis@hinshawlaw.com

130470864  0940589

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 31, 2012, I electronically filed Defendant COLLECTO, INC.'s Motion for Sanctions Under Rule 11 and 28 U.S.C. §1927 with the Clerk of the U.S. District Court, Southern District of Indiana, Indianapolis Division, using the CM/ECF system, which will send notification of such filing(s) to the following:

| | |
|---|---|
| Syed Ali Saeed | Beth E. Terrell |
| Saeed & Little LLP | Terrell Marshall Daud & Willie PLLC |
| 1433 N. Meridian Street | 936 N. 34th Street |
| Suite 202 | Suite 400 |
| Indianapolis, IN  46202 | Seattle, WA  89103 |
| ali@sllawfirm.com | bterrell@tmdwlaw.com |

HINSHAW & CULBERTSON LLP

*s/ Clifford E. Yuknis*
Clifford E. Yuknis

130470864  0940589