# EXHIBIT A



**& CULBERTSON LLP**

**ATTORNEYS AT LAW**
222 N. LaSalle, Suite 300
Chicago, IL 60601

T 312-704-3000
F 312-704-3001
www.hinshawlaw.com

November 7, 2012

**VIA E-MAIL (ali@sllawfirm.com)**

Syed Ali Saeed, Esq.
Saeed & Little, LLP
1433 N. Meridian Street
Suite 202
Indianapolis, IN 46202

    Re:   *Adenekan v. Collecto, Inc.*
           *Case No.:1:12-cv-01564-TWP-TAB, U.S. District Court S.D. Indiana*

Dear Mr. Saeed:

    We represent Collecto, Inc. ("Collecto") in the above-referenced action. This letter is written to you under Rule 11 of the Federal Rules of Civil Procedure. It is written to you not in a hostile spirit but to advise you that the complaint you filed is factually inaccurate and the sooner such inaccuracies are addressed, the better off all of the parties will be.

    Your complaint alleges that our client violated the Telephone Consumer Protection Act by making calls to your client's cellular phone using an automatic dialing system without his prior express consent. Collecto's records show one inbound call from (317) 457-2693 on February 29, 2012 and one outbound call to that number on March 5, 2012. Collecto made the outbound call manually. The Collecto person picked up the handpiece and literally dialed by pushing all of the buttons for the required numbers on the telephone - (317) 457-2693. No dialer or equipment with the "capacity" set forth in 47 U.S.C.§227(a)(1) was involved. The department at Collecto from which this one manual outbound call was made uses only manual telephone equipment. Specifically, this department uses Avaya manual desktop phones. This department cannot use, and does not have the technology to use, dialers of any nature or any related technology. There is no synchronization of these manual phones with predictive dialers or any autodialers whatsoever or with databases. Nor is this department able to leave any artificial voice or prerecorded messages.

    Collecto checked your client's social security number and the number (317) 457-2693 against its records to ensure these numbers were associated with only one account in your client's name. Perhaps your client is confusing autodialed calls he has received from others with the one manual call from Collecto.

Syed Ali Saeed, Esq.
November 7, 2012
Page 2

Our client is working with the United States Department of Education to obtain payment of monies owed to our federal government. Your client took out the loans over 20 years ago in the amount of approximately $10,482. I believe these were for higher education purposes. We understand that approximately $15,000 in interest has accrued on the unpaid balance of the loan. We know that your client has unsuccessfully tried to discharge these debts in bankruptcy, even though they are (with limited exception) non-dischargeable.

If you have some basis to believe you have a meritorious claim under the TCPA, especially a class action, let us know. However, we believe one does not exist. We hereby request that you withdraw your complaint and dismiss this action. The complaint's factual contentions have no evidentiary support whatsoever, and the claims are not warranted by existing law. In addition, you are now engaging in multiplying the proceedings unreasonably and vexatiously under 28 U.S.C. § 1927.

If you do not withdraw the complaint and dismiss this action by November 17, 2012, we will pursue our client's rights under the applicable federal rules. Hopefully it will not come to this. We remain open to discussing this matter.

Very truly yours,

HINSHAW & CULBERTSON LLP

*s/David M. Schultz*

David M. Schultz
312-704-3527
dschultz@hinshawlaw.com

DMS/cey

130462809 1615

# EXHIBIT B



Terrell
Marshall
Daudt &
Willie PLLC

936 N. 34th St, Ste 400
Seattle, WA 98103
T: 206.816.6603
F: 206.350.3528
www.tmdwlaw.com

Beth E. Terrell
bterrell@tmdwlaw.com

Our File No. C-1476-001.A

November 15, 2012

***VIA EMAIL AND U.S. MAIL***

David M. Schultz
HINSHAW & CULBERTSON LLP
222 North LaSalle Street, Suite 300
Chicago, Illinois 60601

Re: *Adebowale Adenekan v. Collecto, Inc.*
U.S. District Court Southern District of Indiana No. 1:12-cv-1564-TWP-TAB

Dear Mr. Schultz:

With Syed Ali Saeed of Saeed & Little, our firm represents Plaintiff Adebowale Adenekan in the above-referenced case filed on October 25, 2012. We write in response to your November 7, 2012 letter requesting that Plaintiff withdraw his complaint and dismiss this action. As detailed below, we disagree with Collecto's position that the Class Action Complaint ("Complaint") filed in this action is "factually inaccurate," that Mr. Adenekan's allegations "have no evidentiary support whatsoever" and that "the claims are not warranted by existing law." Accordingly, Mr. Adenekan declines your request that he withdraw his complaint and dismiss this action.

Facts Regarding the Collection Calls Mr. Adenekan Received.

As you note in your letter, Mr. Adenekan took out a student loan and Collecto is working with the United States Department of Education ("Department of Education") to collect on the unpaid balance of the loan.[1] As Mr. Adenekan alleges in his complaint, in 2010 and 2011, he received calls to his cellular telephone

---

[1] Your letter also states that Collecto "know[s] that [Mr. Adenekan] has unsuccessfully tried to discharge these debts in bankruptcy, even though they are (with limited exception) non-dischargeable." Without getting into the merits of whether the debts are indeed dischargeable, we fail to understand how this fact is relevant to the question of whether your client's attempts to collect on the debt violated the TCPA.

David M. Schultz
HINSHAW & CULBERTSON LLP
November 15, 2012
Page 2

attempting to collect on the student loan debt. The calls were made from a telephone number which usually, if not always, showed up as "blocked" on Mr. Adenekan's cellular telephone. Given the nature of the calls, such as the telltale pause after he answered the telephone and before a live person began speaking, he surmised that the calls were made by an automatic dialing system or predictive dialer. Mr. Adenekan then made efforts to track down the identity of the person or entity responsible for the collection calls. He eventually learned from the Department of Education that Collecto was the company working to collect the unpaid loan.

Your letter references an inbound call made from Mr. Adenekan's cellular telephone number on February 29, 2012 and an outbound call to his cellular telephone a few days later. Mr. Adenekan admits he called Collecto on or around February 29, 2012. He did so in order to obtain more information about the student loan debt Collecto was attempting to collect.

In light of these facts, your claim that Collecto made no other calls to Mr. Adenekan's cellular telephone besides the purported "manual" call on March 5, 2012 remains, at minimum, a question of fact. Indeed, when Mr. Saeed spoke to a Collecto representative while investigating this case, the representative admitted that at least one collection call had been made to Mr. Adenekan's cellular telephone.

<u>Whether the Calling System Collecto and/or Its Agents or Affiliates Used to Call Mr. Adenekan Is an "Automatic Telephone Dialing System" Is a Question of Fact.</u>

Your letter also claims the calling system Collecto used to make the March 5, 2012 call to Mr. Adenekan's cellular telephone was not an "automatic telephone dialing system" as defined by 47 U.S.C. § 227(a)(1) and that the "department" at Collecto that made this call "uses only manual telephone equipment." Without more information as to the specific telephone system used, the characterization of this telephone system remains a question of fact, as does the nature of the equipment used to make the collection calls to Mr. Adenekan's cellular telephone in 2010 and 2011. Moreover, your letter does not explain what Collecto "department" made the March 5, 2012 call. Nor does it provide information as to the purpose of

David M. Schultz
HINSHAW & CULBERTSON LLP
November 15, 2012
Page 3

that call. Given Mr. Adenekan admits he called Collecto in late February 2012 to find out more information about the student loan debt, it makes sense that the return call would not come from the "department" and/or Collecto agent or affiliate responsible for the collection calls.

As you know, courts have held that the capabilities of a defendant's calling equipment in a TCPA case "is a matter to be explored through discovery" and routinely deny motions to dismiss raising this argument. *See Vance v. Bureau of Collection Recovery LLC*, No. 10-cv-06324, 2011 WL 881550, at *2 (N.D. Ill. Mar. 11, 2011) (denying motion to dismiss TCPA claim; noting that "[w]hether Defendant's particular equipment has the functionality to meet that definition [of "automatic telephone dialing equipment"] is a factual matter that has not yet been developed"); *see also Carnes v. IndyMac Mortg. Servs.*, No. 10-3005 (RHK/SRN), 2010 WL 5276987, at *5-6 (D. Minn. Dec. 17, 2010) (denying Rule 12(b)(6) motion to dismiss plaintiff's TCPA claim arising from collection calls to her cellular telephone; defendant claimed "no 'automatic telephone dialing system' was used" but court noted that plaintiff pled each call was placed using such a system and "nothing in the Complaint establishes that [defendant] did not use equipment covered by the TCPA"; complaint also alleged that plaintiff believed the calls were made by defendant). Indeed, as one court recently explained in a decision denying the defendant's motion to dismiss a TCPA claim, plaintiffs in TCPA cases face "difficulty...in knowing the type of calling system used without the benefit of discovery[.]" *Knutson v. Reply! Inc.*, No. 10cv1267 BEN (WMc), 2011 WL 1447756, at *1 (S.D. Cal. April 13, 2011).

Moreover, to the extent Collecto's position is that it does not use automatic telephone dialing systems or predictive dialers to make collection calls, this position is belied by the company's website, which specifically refers to the company's "dialer programs."[2] And, it is clear from multiple consumer complaints online that Mr. Adenekan's experience with collection robocalls from Collecto and/or its agents and affiliates is not unique.[3]

---

[2] *See, e.g.,* http://www.eos-cca.com/ServicesSolutions/Services/tabid/161/Default.aspx. As alleged in the Complaint, Collecto is a d/b/a of EOS CCA and a subsidiary of the EOS group.
[3] *See, e.g.,* http://www.complaintsboard.com/complaints/collecto-inc-c341670.html, http://www.ripoffreport.com/collection-agency-s/cca-collection-compa/cca-collection-company-of-amer-fbe52.htm.

David M. Schultz
HINSHAW & CULBERTSON LLP
November 15, 2012
Page 4

      Judge Pratt (the assigned judge in this case) recently cautioned that "Rule 11 sanctions are 'to be imposed sparingly, as they can have significant impact beyond the merits of the individual case and can affect the reputation and creativity of counsel.'" *Taflinger v. Hindson*, – F. Supp. 2d --, 2012 WL 1432845, at *6 (S.D. Ind. April 25, 2012) (citing *Hartmarx Corp. v. Abboud*, 326 F.3d 862, 867 (7th Cir. 2003)) (denying defendants' motion for fees under Rule 11 and 28 U.S.C. § 1927). Given the rare and limited circumstances in which Rule 11 sanctions are awarded, we are troubled by the tone of your letter, notwithstanding your statement that it is not written "in a hostile spirit." We take our obligations under Rule 11 very seriously, as does Mr. Saeed. This is not a case where the plaintiff lacked a good faith basis for filing his complaint.

      Your statement that Mr. Adenekan is "now engaging in multiplying the proceedings unreasonably and vexatiously under 28 U.S.C. § 1927" is similarly without merit – Mr. Adenekan has only just filed his complaint, Collecto has not yet answered and the parties have not yet conferred to discuss a case management plan.

      In sum, the facts as we know them support Mr. Adenekan's claims. If Collecto wishes to bring a motion to dismiss the Complaint and/or raise affirmative defenses with regard to the issues raised in your letter, that is Collecto's prerogative. Similarly, issues as to whether the case is properly maintainable as a class action will be determined by the Court. If there are documents you can provide us that support Collecto's position, including, but not limited to, calling records or logs for collection calls made by Collecto and/or its agents and affiliates, we are happy to review the same and discuss with you.

David M. Schultz
HINSHAW & CULBERTSON LLP
November 15, 2012
Page 5

Please contact me if you wish to discuss this matter further.

Very truly yours,

TERRELL MARSHALL DAUDT & WILLIE PLLC

Beth E. Terrell

BET/KLG:bkk

cc:   Ali Saeed (via email only)
      Kimberlee Gunning (via email only)