UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ADEBOWALE ADENEKAN, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 1:12-CV-01564-TWP-TAB |
| COLLECTO, INC., | ) |
| Defendant. | ) |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

Defendant Collecto, Inc., a Massachusetts corporation ("Collecto" or "Defendant"), by its undersigned attorneys, respectfully submits this Memorandum in Support of its Motion for Summary Judgment.

**INTRODUCTION**

Plaintiff Adebowale Adenekan's ("Adenekan") single count Complaint alleges that Collecto violated the Telephone Consumer Protection Act (TCPA), 47 U.S.C. §227, in connection with Collecto's attempt to collect a federal student loan debt. Adenekan alleges both individual and putative class claims (Complaint Ex. 1 hereto; Doc. #1). However, Collecto did not violate the TCPA because it did not make any calls to the subject cellular telephone number XXX-XXX-2693 using an automated telephone dialing system or artificial or pre-recorded voice.

Collecto's current motion does not address any class claims or arguments. If this case proceeds, Collecto will be moving for summary judgment on various class issues and claims.

### I.     THE CLAIMS ASSERTED IN THIS ACTION.

On October 2, 2002, Adenekan filed this action allegeing that Collecto violated the TCPA in connection with its attempt to collect a federal student loan debt. (Ex. 1 hereto, Doc. #1). Adenekan alleges that Collecto made several telephone calls to his cellular telephone in 2010 and 2011 from an automatic telephone dialing system without his consent, purportedly in violation of the TCPA (Ex. 1 ¶¶ 10-16). Collecto filed its Answer and Affirmative Defenses to the Complaint on December 21, 2012, denying liability (Answer Exhibit 2 hereto, Doc. #25).

### II.     STATEMENT OF MATERIAL FACTS NOT IN DISPUTE

1.      This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because it arises under the laws of the United States, specifically 47 U.S.C. § 227. (Compl. [Ex. 1] ¶ 2, Answer [Ex. 2] ¶ 2).

2.      Venue is proper because a substantial portion of the events complained of occurred in this District. (Compl. ¶ 3, Answer ¶ 3).

3.      Collecto was retained by the United States Department of Education to collect a student loan from Adenekan. (Compl. ¶¶ 10-11, Answer ¶¶ 10-11).

4.      The relevant cellular telephone number in this case is (xxx) xxx-2693 (stipulation of the parties: see Attorney Kimberlee L. Gunning November 1, 2012, e-mail attached as Ex. 4 hereto.

5.      Collecto never called telephone number (xxx) xxx-2693 using an automated telephone dialing system or any other autodialer. (Declaration of Judy R. Commesso ¶ 10 (Ex. 3 hereto)).

6.      Collecto never called telephone number (xxx) xxx-2693 using an artifical or pre-recorded voice. (Declaration of Commesso ¶ 9).

130496126v1  0940589

7. The calls made by Collecto to telephone number (xxx) xxx-2693 were manually dialed, with a human being using his fingers to dial the number. (Declaration of Commesso ¶¶ 4, 10).

8. The Collecto Account Notes for Adenekan's account show no calls to (xxx) xxx-2693 using an artificial or pre-recorded voice (Declaration of Commesso ¶ 5, Ex. A thereto).

9. The Collecto Telephone Log for Adenekan's account shows no calls to (xxx) xxx-2693 using an automated telephone dialing system or any autodialer (Declaration of Commesso ¶ 9, Ex. B thereto).

### III. ARGUMENT

#### A. SUMMARY JUDGMENT STANDARD

A motion for summary judgment must be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Issues are genuine if a reasonable jury could find for the non-movant, and facts are material if they can affect the outcome. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-249 (1986). The nonmoving party bears the burden of demonstrating that such a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986); *Oliver v. Oshkosh Truck Corp.*, 96 F.3d 992, 997 (7th Cir. 1996). Further, although the moving party bears the burden of demonstrating the absence of a genuine issue of material fact, in a case such as this, where the non-moving party is the plaintiff, and, therefore, bears the burden of proof at trial, that party must present affirmative evidence sufficient to establish the existence of *each* element of its case. *Celotex*, 477 U.S. at 323; *Green v. Whiteco Indus., Inc.*, 17 F.3d 199, 201 (7th Cir. 1994). Summary judgment may be granted against a party who fails to

establish a triable issue of fact on all essentials of its case. *Lewis v. CITGO Petroleum Corp.*, 561 F.3d 698, 702 (7th Cir. 2009). Accordingly, Adenekan cannot rely on unsupported assertions, speculation or conclusory allegations to avoid the entry of summary judgment, *see Celotex*, 477 U.S. at 323-24, but rather, he "must go beyond the pleadings and provide some evidence that would show that there exists a genuine issue for trial." *Jones v. United Parcel Serv.*, 214 F.3d 402, 407 (3rd Cir. 2000).

To successfully oppose a motion for summary judgment, the non-movant must do more than raise a "metaphysical doubt" as to the material facts. *Matsushita Elec. Indus. Co., Ltd.* 475 U.S. at 586. In fact, summary judgment is not a dress rehearsal or practice run; *it is the put up or shut up moment in a lawsuit*, when a party must show what evidence it has that if admissible would convince a trier of fact to accept its version of the events. *Hammel v. Eau Galle Cheese Factory*, 407 F.3d 852, 859 (7th Cir. 2005); *Johnson v. Cambridge Indus., Inc.*, 325 F.3d 892, 901 (7th Cir. 2003). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson*, 477 U.S. at 247-48 (emphasis in the original). "Speculation does not create a *genuine* issue of fact; instead, it creates a false issue, the demolition of which is a primary goal of summary judgment." *Hedberg v. Indiana Bell Tel. Co.*, *Inc.*, 47 F.3d 928, 932 (7th Cir. 1995) (emphasis in original).

    **B.**    <u>**THERE WAS NO TCPA VIOLATION**</u>

The TCPA provides in relevant part:

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States --
>
> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artifical or prerecorded voice--

4

> \* \* \*
> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call; . . ..

47 U.S.C. § 227(b)(1)(A)(iii).

Here, the undisputed evidence shows that there is no genuine issue of material fact that Collecto never made a call to the subject cellular number (xxx) xxx-2693 using an automated telephone dialing system or an artificial or prerecorded voice. (*See* Statement of Material Facts Not in Dispute ¶¶ 5-6, 8-9). These undisputed facts are set forth in the Declaration of Judy R. Commesso, the Senior Vice President of Operations for the Government and Education Division of Collecto. (*See* Statement of Material Facts Not in Dispute ¶¶ 5-6; *see also* Exhibit 3). These undisputed facts are also demonstrated by Collecto's account notes and telephone log, which are Collecto's business records.[1] (*See* Statement of Material Facts Not in Dispute ¶¶ 8-9; *see also* Exhibit 3, Exhibits A and B thereto). *See* Rule 803(6) of the Federal Rules of Evidence. The calls made were by means of manually dialed calls, which is not prohibited by the TCPA. *See Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637 (7th Cir. 2012).

In *Dobbin v. Wells Fargo Auto Finance, Inc.*, 2011 WL 2446566, \*1 (N.D.Ill. June 14, 2011), the plaintiffs alleged that the defendants violated the TCPA. Defendant Wells Fargo admitted it used a predictive dialer (*i.e.*, an automated telephone dialing system), but not in this case. *Id*. at \*1-2. It presented its business records showing no use of the predictive dialer. *Id*. at \*2. Plaintiffs, on the other hand, provided no evidence that Wells Fargo autodialed their cellular telephone numbers, the court finding "thereby conced[ing] that Wells Fargo manually dialed their cell phones if it called them at all." *Id*. at \*4. Thus, there was no evidence that the calls to plaintiffs' cellular telephones were autodialed; rather, the indices is that the calls were dialed

manually. *Id*. The court therefore granted Wells Fargo's summary judgment motion on the TCPA claim. *Id*. at *4-5. *Accord Dennis v. Regional Adjustment Bureau, Inc.*, 2010 WL 3359369, *3 (S.D.Fla. July 7, 2010) (granting summary judgment on TCPA claim where defendant's records supported its position that the calls made to plaintiff were not made using an automatic dialing system or pre-recorded, and only evidence indicating otherwise was plaintiff's unsubstantiated deposition testimony) *citing Pace v. Capobianco*, 283 F.3d 1275, 1278 (11th Cir.2002) (finding that a district court erred in deciding that a witness' affidavit raised a genuine issue of material fact where the affiant simply stated that he 'believed' a certain fact existed).

*Dobbins* is not the only TCPA case where the courts have granted the defendants' motions for summary judgment on alleged TCPA claims. *Greene v. DirecTv, Inc.*, 2010 WL 4628734 (N.D.Ill., Nov. 8, 2010); *Osorio v. State Farm Bank, F.S.B.*, 859 F. Supp. 2d 1326 (S.D.Fla. 2012); *Cavero v. Franklin Coll. Serv.*, 2012 WL 279448 (S.D.Fla. Jan. 31, 2012); *Pugliese v. Professional Recovery Serv., Inc.*, 2010 WL 2632562 (E.D.Mich. June 29, 2010). Here, Adenekan has failed to provide any evidence of autodialed calls made to his cellular telephone. Thus, Collecto is entitled to summary judgment.

---

[1] These records were provided weeks ago to Adenekan's counsel in an effort to avoid further litigation.

## CONCLUSION

For the foregoing reasons, Defendant Collecto, Inc., a Massachusetts corporation, respectfully submits that the Court grant its motion for summary judgment.

                                                Respectfully submitted,

                                                COLLECTO, INC., Defendant

                                                */s/   Clifford E. Yuknis*
                                                One of the Attorneys for Defendant
                                                    (Admitted *Pro Hac Vice*)

David M. Schultz
Clifford E. Yuknis (Admitted *Pro Hac Vice*)
Katherine H. Tresley (Admitted *Pro Hac Vice*)
Hinshaw & Culbertson LLP
222 N. LaSalle, Suite 30
Chicago, IL 60601
Phone No.: 312-704-3000
Fax No.: 312-704-3001
dschultz@hinshawlaw.com
cyuknis@hinshawlaw.com
ktresley@hinshawlaw.com

## CERTIFICATE OF SERVICE

   I hereby certify that on January 14, 2013, I electronically filed the above and foregoing **MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** with the Clerk of the U.S. District Court, using the CM/ECF system reflecting service on all parties of record.

Dated: January 14, 2013.           Respectfully Submitted,

                  COLLECTO, INC., Defendant

                By: s/*Clifford E. Yuknis*
                  (Admitted *Pro Hac Vice*)
                  Hinshaw & Culbertson LLP
                  David M. Schultz
                  Clifford E. Yuknis (Admitted *Pro Hac Vice*)
                  Katherine H. Tresley (Admitted *Pro Hac Vice*)
                  222 N. LaSalle, Suite 300
                  Chicago, IL 60601
                  E-mail: cyuknis@hinshawlaw.com

130496126v1  0940589